IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALTIMONT M. WILKS, 41548-037 \*
        Petitioner,

v.      \* CIVIL ACTION NO. JKB-12-1355

WARDEN J. PHILLIP MORGAN[1]      \*
        Respondent.

\*\*\*

## MEMORANDUM AND ORDER

On May 15, 2012, the court directed respondent to answer the above-captioned petition for writ of habeas corpus. ECF No. 3. In the response, respondent asserts that the petition should be dismissed in its entirety, unless petitioner waives review of an unexhausted claim, because the petition contains both exhausted and unexhausted claims. ECF No. 7. Petitioner claims that the ineffective assistance of appellate counsel claim at issue was in fact raised during the direct appeal process. ECF No. 8.

## Factual History

The facts of the case, as described by the Court of Special Appeals of Maryland, are as follows:

> Appellant was arrested at the Quality Inn Hotel in Frederick County, Maryland on the night of July 23, 2004, after officers searching him found a plastic baggie containing crack cocaine in the right front pocket of his jeans. Early the following morning, the police searched the house of appellant's girlfriend, Michelle Biggus, with whom he lived, and found a 9 millimeter handgun and a loaded magazine. Prior to trial, appellant moved to suppress all of the evidence seized by police on July 23 and 24, 2004. At the hearing held on June 1, 2006, appellant challenged the seizure, arguing that the officers illegally stopped him while he was walking down the hallway at the hotel and illegally searched him.

---

[1] The Clerk shall amend the docket to reflect the correct name of the "custodian" at petitioner's new facility.

Appellant also challenged the validity of the consent given by Biggus to search the house.

After a hearing, the trial court denied appellant's motion to suppress. The court found that the initial encounter between appellant and police at the hotel and the search of his person were consensual. The court also found that while appellant had standing to challenge the search of Biggus' house, the consent given by Biggus was valid.

According to the State's proffer of facts at the suppression hearing, the Frederick Police Department Drug Unit was working undercover at the Quality Inn Hotel on July 23, 2004. At the hotel, the police arrested two people after they bought drugs from a confidential informant. One of the individuals arrested, in an attempt to bargain with police, told them that he could call a drug dealer named "Thunder" and have him deliver a large quantity of crack cocaine to the hotel. When this information was relayed to officers in the Drug Enforcement Unit, one of the officers recognized the name "Thunder" as a possible nickname for Wilks.

The individual offering the information called Thunder on his cell phone and arranged to have Thunder deliver one half ounce of crack to Room 152 at the hotel. A short time later, the individual received a call on his cell phone from Thunder, who said he was outside of the hotel. A few minutes later Thunder knocked on the door of Room 152. Thunder entered the room and asked for the individual he spoke to on the phone. The confidential informant told Thunder that the individual who phoned him had left, but she had the money. Apparently suspicious, Thunder was unwilling to complete the buy and left the room.

Even though the police were conducting surveillance, they were unable to see the person who knocked on the door of Room 152, nor were they able to hear the conversation that took place between the confidential informant and Thunder. At the suppression hearing, the State proffered that Officer Cassidy and Officer Weaver, of the Frederick County Police, immediately left Room 154, where they were located, and proceeded down the hallway. Once in the hallway, they "observed a black male in the hallway around the corner from Room 152." Cassidy approached the black male, later identified as Wilks, and Wilks stated, "That ain't me, I'm not with that shit." Cassidy then asked Wilks for his identification, and Wilks produced a Maryland driver's license with the name Altimont Marks Wilks on it. Weaver then asked Wilks if he could search him for drugs. Wilks replied, "Yes, go ahead." Weaver then searched Wilks and found a plastic baggie containing crack cocaine inside Wilks' right front pocket. Wilks was then arrested.

After he was arrested, he told the police that his girlfriend Michelle Biggus had driven him to the hotel, but that "she was not involved in this." The police went to the car to speak to Biggus, and with her consent, followed her to her house and searched it. In an upstairs bedroom that was used exclusively by Wilks, the police

> found a black bag containing cocaine, marijuana, a 9 millimeter handgun, and a loaded magazine.

ECF No. 7 at Ex. 2.

In 2004, petitioner was charged with drug-related offenses in the Circuit Court for Frederick County. ECF No. 7 at Ex. 1, pg. 5. On or about June 1, 2006, a hearing was held on petitioner's motion to suppress evidence seized by the police. The motion was denied by Judge John H. Tisdale. *Id*. at Ex. 1, pg. 8. Based upon an agreement with the prosecutor, petitioner pled not guilty to count one and fourteen of the indictment on an agreed statement of facts. All other charges were nolle prossed. The trial court found petitioner guilty of one count of possession with intent to distribute cocaine and one count of a firearm offense in connection with drug trafficking. On October 31, 2006, petitioner was sentenced to concurrent terms of eight years on the drug count and five years (without parole) on the firearm count. Both sentences were, however, to run consecutive to a ten-year federal sentence petitioner was already serving. On direct appeal petitioner argued that the trial court erred in denying his motion to suppress. *Id*. at Ex. 2. On April 16, 2009, the Court of Special Appeals of Maryland affirmed the conviction. *Id*. Petitioner's petition for writ of certiorari was denied by the Court of Appeals of Maryland on July 21, 2009. *Id*. at Exs. 3 & 4. A petition for certiorari was not filed with the U.S. Supreme Court.

On October 26, 2009, petitioner filed a post-conviction petition in the Circuit Court for Frederick County, seeking to modify his state sentence to run concurrently with his federal sentence. ECF No. 7 at Ex. 5. Judge Julie Stevenson-Solt dismissed the petition without prejudice on January 22, 2010. *Id*. at Ex. 1 at pg. 12; Ex. 8. On July 19, 2010, petitioner filed another post-conviction petition, arguing that: (1) he was denied pre-trial custody credits and was owed 29 months credit as to his state sentence; and (2) he was denied the opportunity to

3

secure witnesses (two arrestees and a confidential informant) favorable to the defense under his Sixth Amendment right to compulsory process. *Id*. at Ex. 9. In July of 2011, petitioner's counsel filed a supplemental petition for post-conviction relief alleging that trial counsel was ineffective for failing to file a motion for reconsideration of sentence. *Id*. at Ex. 10. On August 16, 2011, a post-conviction hearing was held addressing the three grounds. *Id*. at Exs. 1 & 11. On October 18, 2011, Judge Stevenson-Solt granted petitioner the right to file a belated motion for reconsideration of sentence, but otherwise denied the claims. *Id*. Leave to appeal was not sought. On November 15, 2011, petitioner filed a motion for reconsideration of sentence, which remains in abeyance until such time as petitioner requests a hearing. *Id*. at Ex. 11 at pg. 14.

The instant petition, received for filing on May 3, 2012, raises the following grounds:

1. Appellate counsel was ineffective for presenting a "false" Fourth Amendment claim on direct appeal;

2. The Court of Special Appeals of Maryland deprived petitioner of full and fair review by declining to address a preserved appellate claim regarding the "consensual element that led to the search of his person and thereafter, his arrest and conviction;" and

3. The Court of Special Appeals of Maryland's decision to affirm the trial court's denial of a motion to suppress was unreasonable under the facts and U. S. Supreme Court precedent.

ECF No. 1.

Respondent does not address the merits of petitioner's claims, but argues that the petition should be dismissed because the application contains a ground (ineffective assistance of appellate counsel) that has not been argued before the state courts and that this unexhausted ground may be raised by petitioner in a motion to reopen post-conviction proceedings in the state courts. ECF No. 7 at Memorandum at pg. 10. In his reply, petitioner seemingly argues that his ineffective assistance of appellate counsel claim was not "formally" raised in state court, but was identified as a claim during the direct appeal process and not addressed by the Maryland

4

appellate court. ECF No. 8. He additionally claims that if the ground is found to be unexhausted, it may be excused as he is procedurally barred from further state proceedings.[2] *Id.*

Under *Rose v. Lundy*, 455 U.S. 509 (1982), before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See generally* 28 U.S.C. § 2254(b) and (c). To exhaust a claim through post-conviction proceedings in Maryland, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State,* 292 Md. 201, 210-11 (1981).

The law is well established that a petition containing claims which have not been exhausted in the state courts must be dismissed without prejudice to afford the petitioner the opportunity to pursue available state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973); *see also Ali v. State of Florida*, 777 F.2d 1489 (11th Cir. 1985). The Court has reviewed the documents submitted and finds that there is no clear indication that Petitioner has directly exhausted available state court remedies as to the claim regarding ineffective assistance of appellate counsel.

---

[2] Petitioner has also filed addenda to his petition, asserting that respondent has not addressed the merits of any of his habeas claims and he, the petitioner, has transformed himself into a productive, responsible man who is not a threat to public safety. ECF Nos. 11 & 14. In addition, he has also filed a motion to expedite review, indicating that he is soon to complete his federal sentence and will then commence the state sentence at issue here. ECF No. 12. In light of this Order, the motion to expedite shall be denied as moot.

Petitioner is advised, however, that a one-year statute of limitations applies to this federal habeas petition. *See* 28 U.S.C. § 2244(d);[3] *Wall v. Kholi*, 131 S.Ct. 1278, 1283 (2011). The one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson,* 209 F.3d at 328. Dismissal of the instant petition could result in any future petition being outside the applicable statute of limitations.

Petitioner is further advised that should he waive consideration of the apparently unexhausted claim and request this court proceed with the exhausted claim, he would be barred from bringing a second petition asserting the unexhausted claim, even if he returned to state court to exhaust that claim, as he may only file a second federal habeas corpus petition if he has moved the appropriate federal circuit court for an order authorizing this Court to consider the application. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir.) (2000).

---

[3] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In light of the foregoing, petitioner shall be granted twenty-one (21) days from the date of this Order to advise how he wishes to proceed. He may proceed by waiving consideration of any unexhausted claim recognizing that he may not later bring the now unexhausted claim without permission from the Fourth Circuit Court of Appeals or he may have the court dismiss the entire Petition without prejudice, in its entirety, so that he can attempt to reopen state post-conviction proceedings, with the caveat that he may be barred from consideration of any of his claims by this court in the future if unable to complete state court review and return to federal court in a timely manner. If the court fails to hear from petitioner in the time provided, the court will deem the unexhausted claim waived.

Accordingly, it is this <u>17th</u> day of <u>July</u>, 2013, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Clerk SHALL AMEND the docket to reflect the name of petitioner's custodian as Warden J. Phillip Morgan;

2. Petitioner IS GRANTED twenty-one (21) days from the date of this Order to file a reply as directed herein; and

3. The Clerk SEND copies of this Order to petitioner and to counsel of record.

/s/
James K. Bredar
United States District Judge